KENNON, Judge.
Plaintiff, Southern Advance Bag & Paper Company, Inc., owner of a pulpwood truck damaged in 'a collision with a Mercury automobile, filed this suit against Paul W. Jones, owner and operator of the Mercury, for the damage sustained by the pulpwood truck in the collision between the two vehicles. Jones, who sustained serious personal injuries, reconvened for damages done his Mercury automobile and for his personal injuries, loss of time, etc. Jones, during the time he was incapacitated, drew workman’s compensation from his employer’s carrier, who intervened for the compensation and medical expenses paid to Jones.
The petition set forth that the loaded pulpwood truck was proceeding on a graveled road on its extreme right side of the road (and almost stopped when it was struck), when the Mercury automobile, driven by Jones, traveling in an opposite direction from the pulpwood truck, “suddenly topped a hill while traveling in the center of the road; that upon defendant’s observance of petitioner’s truck, he suddenly put on his brakes, which caused his car to veer to the left, whereupon it collided with the front portion of petitioner’s truck.”
Jones in his answer set forth that he was traveling at a moderate rate of speed when he topped a hill-and noted the truck approaching along the middle of the road; that he pulled his automobile to his right and gave the truck ample room to pass; that the truck kept to the center of the road and the left front of the truck struck the Mercury’s left front fender, knocking the car backwards some fourteen feet, while the truck’s impetus carried it forward and off the road a distance of 228 feet.
Assuming the position of plaintiff in reconvention, Jones alleged that the collision resulted solely from the truck driver’s negligence in driving a loaded truck without proper brakes; without the load of wood being chained; without turning the truck to the right when meeting Jones or slowing same down and in jumping from the truck, permitting same to continue uncontrolled down the center' of the road and into Jones’ vehicle.
The District Court found that the accident resulted from the negligence of the driver of the pulpwood truck and gave judgment rejecting plaintiffs’ demands and in favor of plaintiff in reconvention for a total of $2318.00, including $406.00 awarded the' intervening compensation carrier;
No issue ' of contributory ’ negligence is presented by the pleadings. Each side contended that its owri driver was on the right side of the road and had brought his vehicle almost to a complete stop and that the accident resulted solely through the fault of the other vehicle in continuing down the center of the-highway.
The point of impact between the two vehicles was'the area of. the left front wheel and fender of each. The automobile did not move forward after the impact, but pivoted to the left with its rear wheels as the center of an angle of slightly more than ninety degrees and stopped crosswise the road. As the. truck moved past the car, the front of the car was pulled along the left side of the truck and the greater portion of the load of pulpwood fell from the truck. Some of the pieces crashed through the cloth top of the Mercury convertible and caused substantial injury to defendant. The trúck continued on some 228 feet past the point ' of impact, finally coming to a stop heading almost in the direction from which it had come.
*692 The record supports the finding of the District Court that the car was on its right side of the road at the time of the impact. The testimony and physical facts also support the trial Judge’s conclusion that the car was either stopped or had almost reached a stop at the moment of impact. Had the car been traveling at any considerable speed, the violence of the impact and its being carried around more than ninety degrees, would have caused serious injury to the driver of the car. However, the record shows that Jones’ injury resulted entirely from the falling pulpwood.
The testimony and physical facts further show that the truck was not under control and on its own side of the road when the collision occurred. The fact that the truck proceeded more than 200 feet after the collision supports the testimony of witnesses that the truck was not brought under control nor, at the. time of the collision, was anywhere near the “almost complete stop” set forth in the petition. The answers of the truck driver himself indicate that his truck was not brought under control prior to the impact. He stated that “the brakes don’t hold with that load in just all of a sudden.” The fact that he and his passenger saw fit to abandon the moving truck is a further indication that they considered the vehicle to be out of control.
We conclude, as did the trial Court, that plaintiffs failed to sustain the allegation that the Jones automobile was on the truck’s side of the road when the collision occurred.
Rule 6 of Section 3 of Act No. 286 of 1938, Dart’s Statutes, Section 5211, provides in part:
“Drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving the other at least two hundred (200) feet before meeting, one-half of the main traveled portion of the roadway.”
Rule 16 of the same section and Act, Dart’s Statutes, Section 5221, provides in part:
“The driver of a motor vehicle traversing defiles, hills or hilly highways shall hold such motor vehicle under control and as near the right hand side of the highway as reasonably possible, * *
We find that the driver of the pulpwood truck was in violation of both the above rules. '
The amount of damages awarded the plaintiff in reconvention is not excessive in view of the injuries sustained.
The judgment is affirmed, with costs.